# CIVIL COVER SHEET

The ILND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(See instructions on next page of this form.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff
*(Except in U.S. plaintiff cases)*

County of Residence of First Listed Defendant
*(In U.S. plaintiff cases only)*
Note: In land condemnation cases, use the location of the tract of land involved.

**(c)** Attorneys *(firm name, address, and telephone number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Check one box, only.)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government not a party.)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate citizenship of parties in Item III.)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only.)*
*(Check one box, only for plaintiff and one box for defendant.)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Check one box, only.)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excludes Veterans)
- ☐ 153 Recovery of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyright
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016 (DTSA)

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729 (a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act (TCPA)
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Arts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 445 Amer. w/ Disabilities- Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus – Alien Detainee (Prisoner Petition)
- ☐ 465 Other Immigration Actions

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAXES**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant
- ☐ 871 IRS—Third Party 26 USC 7609

## V. ORIGIN *(Check one box, only.)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District (specify)
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
( Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)

## VII. PREVIOUS BANKRUPTCY MATTERS
(For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary.)

## VIII. REQUESTED IN COMPLAINT:
☐ Check if this is a **class action** under Rule 23, F.R.CV.P.   Demand $ _____   CHECK Yes only if demanded in complaint:   Jury Demand: ☐ Yes  ☐ No

## IX. RELATED CASE(S) IF ANY *(See instructions)*:
Judge _____   Case Number _____

## X. Is this a previously dismissed or remanded case?
☐ Yes  ☐ No   If yes, Case # _____   Name of Judge _____

Date: _____   Signature of Attorney of Record _____

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
Eastern Division**

| | |
|---|---|
| **ELZBIETA PRIS and ERMA BARNES**, individually and as the representatives of a limited class of similarly situated entities,<br>　　　　PLAINTIFFS,<br>v.<br><br>**ELIZABETH M. WHITEHORN**, in her official capacity as Director of the Illinois Department of Healthcare and Family Services, 201 South Grand Avenue East Springfield, IL 62763,<br><br>and<br><br>**DULCE QUINTERO,** in their official capacity as Secretary of the Illinois Department of Human Services, 100 South Grand Avenue East, Springfield, IL 62762,<br><br>　　　　DEFENDANTS. | Case No.　1:25-cv-11320<br><br>Judge<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT
## FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Plaintiffs bring this action on behalf of themselves and other individuals similarly situated and, except for those allegations pertaining to Plaintiffs or their attorneys, which are based upon personal knowledge, allege the following upon information and belief against the Defendants, Director of the Illinois Department of Healthcare and Family Services ("HFS") and Secretary of the Illinois Department of Human Services ("DHS").

## PRELIMINARY STATEMENT

1. This matter arises from Medicaid long-term care benefits in which Plaintiffs, as residents of long-term nursing care, have a protected property interest. Defendants are failing to provide constitutionally adequate appeal procedures for Medicaid redeterminations, in violation of Federal statutes and regulations. Specifically, the Defendants are issuing Notices of Decisions on redetermination applications to residents receiving long-term care benefits without the explicit opportunity to request the continuation of Medicaid benefits during the appeal process, in violation of the Due Process Clause of the Fourteenth Amendment and prevailing case law.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this suit under 28 U.S.C. §§ 1331 and 1343; this action arises under the Due Process Clause and seeks to redress the deprivation under color of state law, statute, custom and/or usage of a right, privilege and/or immunity secured to Plaintiffs by the Fourteenth Amendment to the Constitution of the United States. Plaintiffs seek declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial

part of the events or omissions giving rise to this claim occurred in this district.

**PARTIES**

    **I.**    **Plaintiffs**

4.    The Plaintiffs in this case are nursing home residents seeking to renew their eligibility for Medicaid long-term care benefit coverage via redetermination application.

5.    Elzbieta Pris is a resident at the long-term care facility Generations at Regency, located at 631 N Milwaukee Ave, Niles, IL 60714. On May 7, 2025, she was issued a Notice of Decision stating that her Medicaid benefits will stop on June 1, 2025. Although the Notice did detail her right to appeal the decision, it did not include language informing her that she would receive continued benefits pending her appeal.

6.    Erma Barnes is a resident at the rehabilitation and skilled nursing facility, Generations at Applewood, located at 21020 Kostner Ave, Matteson, IL 60443. She was denied Medicaid eligibility upon redetermination. Although the Notice of Decision she received included an explanation of her right to appeal, it did not include language informing her that she would receive continued benefits pending her appeal.

    **II.**    **Defendants**

7.    Defendant Elizabeth M. Whitehorn is the director of the Illinois Department of Healthcare and Family Services ("HFS"). HFS is an Illinois state agency that provides Medicaid services to enrollees in Illinois. HFS is the state agency responsible for administering Medicaid in the State of Illinois. At all times material to this Complaint, Defendant Whitehorn acted under the color of state law in administering the regulations, customs, policies, and practices material herein. Defendant Whitehorn is sued in her official capacity only.

8.    Defendant Dulce Quintero is the secretary of the Illinois Department of Human

Services ("DHS"). HFS assigns certain tasks in the processing of Medicaid long-term care applications and admissions to DHS. At all times material to this Complaint, Defendant Quintero acted under the color of state law in administering the regulations, customs, policies, and practices material herein. Defendant Dulce Quintero is sued in his official capacity only.

**FACTUAL BACKGROUND**

**I.  Defendants' Notice of Decisions do not contain due process protection.**

9. Plaintiffs are all applicants or enrollees in Illinois' Medicaid program who received notices that HFS was going to deny, reduce, or discontinue assistance.

10. Under Defendants' current practice, when making any redetermination that alters the benefits received by a resident, a Notice of Decision letter is sent to the residents informing them of change. While there are instances of Illinois long-term care Medicaid residents receiving these Notices that do contain a description of their right to continue receiving benefits pending an appeal of the adverse decision, there are others that do not receive an explanation of the continuation of benefits language in the Notice. Plaintiffs are not made aware of the mechanism to seek a continuation of benefits, nor a timeframe for doing so.

11. On or about May 7, 2025, Generations At Regency resident, Elizbieta Pris, received a Notice of Decision (Form IL444-0360C) from the Illinois Department of Human Services Department of Healthcare and Family Services; the notice informed Ms. Pris that she was not eligible for medical benefits because "the individual failed to provide the needed resource information" and "there was an increase in countable income." **Please see attached Exhibit A.**

12. The Notice had a section titled "Your Rights," but that section did not include information related to continuing coverage of benefits pending any appeal she should request.

13. On or about November 25, 2024, Generations at Applewood resident, Erma Barnes,

4

received a Notice of Decision (Form IL444-0360C) from the Illinois Department of Human Services Department of Healthcare and Family Services; the notice informed Ms. Barnes that she was not eligible for medical benefits because "the individual's eligibly cannot be determined due to failure to provide necessary information." **Please see attached Exhibit B.**

14. The Notice had a section titled "Your Rights," but that section did not include information related to continuing coverage of benefits pending any appeal she should request. The Notice did include a bullet point that her authorized representative had permission: "Continuing Eligibility: Complete, sign, and submit renewals forms. Get notices from us about the renewal. Represent you during the appeal process."

15. No explanation whatsoever was included related to her right to continue receiving benefits pending an appeal.

16. These Notice of Decision letters violate state and federal law, as they fail to satisfy the notice and due process requirements set forth in Ill. Admin. Code tit. 89, § 102.70(c)(3).

17. Pertinent here, a recipient for assistance shall be sent or given written notice whenever assistance is reduced or terminated. Ill. Admin. Code tit. 89, § 102.70(b). The notices "denying, reducing, or discontinuing assistance" must include a clear statement of the action taken, the reason for the action, a reference to the applied statute, and "a complete statement of the client's right to appeal," authorized under Ill. Admin. Code tit. 89, § 102.80. Ill. Admin. Code tit. 89, § 102.70(c)(3).

18. A "timely" notice must "inform the client that if the client files an appeal by the date the reduction or discontinuance will occur, his or her assistance will be continued at its previous level, pending the results of the appeal unless the client specifically requests that the assistance benefits not be continued." Ill. Admin. Code tit. 89, § 102.70(d)(1).

19. Federal Medicaid Law sets broad requirements for the program and mandates coverage of some populations and benefits. Each state specifies the nature and scope of its Medicaid program through the State Plan. This comprehensive document must be approved by the Centers for Medicare and Medicaid Services ("CMS"). If, for any reason, any substantial changes are made to the State Plan, those changes must be approved by CMS before they can be put into practice.

20. Federal regulations provide a procedure for CMS to approve or disapprove any material changes in state law, organization, or policy respecting Medicaid.

21. CMS will only approve proposed state plans and amendments if they comply with federal statutory and regulatory requirements. *Wilder v. Virginia Hospital Assn.*, 496 U.S. 498, 502 (1990); 42 C.F.R. § 430.10.

22. 42 C.F.R. § 430.12(c)(1)(ii) requires a state participating in Medicaid to first file a plan amendment with CMS whenever the state enacts a "[m]aterial change[] in State law, organization, or policy" respecting Medicaid (emphasis added).

23. The U.S. Department of Health & Human Services (HHS), through CMS, reviews the plan and determines whether it complies with statutory and regulatory requirements. *See* 42 U.S.C. § 1316(a)(1) and (b).

24. The United States Supreme Court has also confirmed that CMS has the final say in any State Plan and State Plan Amendments. *Douglas v. Independent Living Center of Southern California, Inc.*, 565 U.S. 606, 610, 611 (2012); *Wilder,* 496 U.S. at 502. 42 U.S.C. §§ 1316(a)(1), (b), 1396a(a), (b); 42 CFR § 430.10 et seq. (2010).

25. There was never a Medicaid plan amendment submitted by the State of Illinois to CMS to enact or adopt a procedure whereby Illinois can refrain providing clear continuation of benefits appeal language on renewals or redeterminations.

6

26. Regardless of this lack of authority, HFS is issuing notices of decisions without the required language.

27. Built into this right to appeal is a timeframe to do so; a right to appeal must be exercised within sixty days. 89 Ill. Adm. Code § 102.82(a). As such, Defendants receive a financial incentive in excluding the continuation of benefits language from the notices. If a recipient of such a notice of action remains unaware of his or her rights and consequent responsibilities, then the deadline to appeal will pass and HFS will not have to engage in further administrative costs, nor extend coverage to someone previously denied.

28. Without appeal rights, which the Defendants' policy controls, there is no due process and no administrative recourse – which is the harm, and money is owed – which is the damage.

29. As a result of the actions taken by Illinois, as allowed and executed by Defendants, Plaintiffs have suffered a loss of healthcare benefits, resulting in balances and costs for long-term care that they may never be able to pay. That amount continues to grow daily.

**CAUSES OF ACTION**

**COUNT I: VIOLATION OF DUE PROCESS**
**42 U.S.C. § 1983**

30. The Plaintiffs incorporate all paragraphs set forth above as if fully rewritten herein.

31. The interest of the eligible recipient in the uninterrupted receipt of public assistance, which provides him with essential food, clothing, housing, and medical care, coupled with the State's interest that his payments are not erroneously terminated, clearly outweighs the State's competing concern to prevent any increase in its fiscal and administrative burdens. *Goldberg v. Kelly*, 397 U.S. 254, at 264-266 (1970).

32. *Goldberg* provides that a pre-termination evidentiary hearing is

7

necessary to provide the welfare recipient with procedural due process. Further, the recipient must be provided with timely and adequate notice detailing the reasons for termination, and an effective opportunity to defend by confronting adverse witnesses and by presenting his own arguments and evidence orally before the decisionmaker. The Illinois legislature articulated what exactly they deem sufficient for such notices, compelling the inclusion of information on the timeframe for an appeal and continued assistance pending the results of the appeal. *See again* Ill. Admin. Code tit. 89, § 102.70(d)(1).

33. However, here, Defendant is issuing notices without informing the recipient of their rights, including their right to a continuation of benefits pending appeal.

34. The procedures implemented by Defendants to deprive Plaintiffs of their property interest without informing them of their right to appeal and pursue a fair hearing, and to continue to receive benefits throughout the course of the appeal were and are constitutionally insufficient.

35. To comply with the Due Process guarantees under the United States Constitution, the Defendants must provide the Plaintiffs with a meaningful notice that apprises them of the reasons for a denial, the authority for the denial, and an opportunity to appeal such denial before benefits are taken away. *See Goldberg*. Again, the appeal language must "inform the client that if the client files an appeal by the date the reduction or discontinuance will occur, his or her assistance will be continued at its previous level, pending the results of the appeal unless the client specifically requests that the assistance benefits not be continued." Ill. Admin. Code tit. 89, § 102.70(d)(1).

36. Plaintiffs are entitled to a hearing when benefits are denied to them for the reasons enumerated under the Federal Medicaid act, and as outlined in *Goldberg*.

37. The failure of DHS to provide Plaintiffs with sufficient notice and a meaningful

8

opportunity to appeal decisions on renewals, and redeterminations violates the Plaintiffs' Constitutional right to due process under the Fourteenth Amendment. U.S. CONST. Amend. XIV, § 1. In *Board of Regents of State Colleges v. Roth*, the Supreme Court held that "a legitimate claim of entitlement" to a benefit is a property interest sufficient to trigger due process. 408 U.S. 564, 577 (1974).

38. The above acts were committed under the color of state law by the Defendants. Said acts were committed by the Defendants by and through representatives of the Defendants acting in their official capacities pursuant to the statutes, ordinances, laws, and policies of the Defendants.

39. The Defendants acted willfully, knowingly, purposefully with the specific intent and/or with such deliberate indifference to deprive Plaintiffs of their rights, privileges, or immunities secured by the Constitution and laws by the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and by 42 U.S.C. § 1983.

40. Because of the Defendants' actions as described herein, the Plaintiffs have suffered significant monetary damages.

## COUNT II: DECLARATORY JUDGMENT

41. The allegations contained in the paragraphs above are hereby incorporated by reference as if fully set forth herein.

42. For the reasons set forth above, an actual, genuine, subsisting, and justiciable controversy exists between Plaintiffs and Defendants arising out of Defendants' failure to notify Plaintiffs of their continuation of benefits rights; Plaintiffs received a denial, reduction, or discontinuance of benefits without an opportunity to have a fair hearing on the matter.

43. Accordingly, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, Plaintiffs seek declarations by the Court as follows:

(I) that Defendants have deprived Plaintiffs and the class members of due process under the Fourteenth Amendment by failing to provide them with sufficient notice regarding Defendants' Notices of Decision for a denial, reduction, or discontinuance of benefits;

(II) that Defendants must issue written Notices of Decision that inform and allow for an appeals process, including the continuation of benefits until a final determination is made regarding the appeal, in accordance with the Fourteenth Amendment, 42. U.S.C § 1983 and *Goldberg*.

44. The Court's ruling hereunder will make certain that which is uncertain and secure that which is insecure.

## REQUESTS FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Issue permanent injunctive relief requiring the Defendants to provide to all Illinois long-term care applicants and beneficiaries proper Notice of Decision with continuation of benefits appeal rights and

B. Award such other relief as the Court deems just and appropriate.

Respectfully submitted,

*/s/Janice Morrison*
**Janice Morrison**
**IL ARDC: 6291830**
1426 N. 3rd St. Suite 120
PO Box 5400
Harrisburg, PA 17110
Mobile: 773.329.1373
Fax: 717.909.5925
jmorrison@sb2inc.com
*Attorney for Plaintiffs*

## CERTIFICATION

    I certify, under the penalty of perjury, that I am the Plaintiff listed below in the above-entitled action. I have read the above complaint and have knowledge of the facts stated there, and the matters and things stated there are true and correct, except as to those matters stated to be on information and belief and, as to those matters, I certify that I verily believe them to be true.

_____
Erma Barnes

## CERTIFICATION

    I certify, under the penalty of perjury, that I am the personal representative of the Plaintiff Elzbieta Pris in the above-entitled action. I have read the above complaint and have knowledge of the facts stated there, and the matters and things stated there are true and correct, except as to those matters stated to be on information and belief and, as to those matters, I certify that I verily believe them to be true.

*[signature]*
_____

## CERTIFICATION

    I certify, under the penalty of perjury, that I am the Chief Financial Officer for the Plaintiffs listed below in the above-entitled action. I have read the above complaint and have knowledge of the facts stated there, and the matters and things stated there are true and correct, except as to those matters stated to be on information and belief and, as to those matters, I certify that I verily believe them to be true.

_____
Thomas Winter

Chief Financial Officer of :
Generations at Applewood, LLC
Generations at Regency, LLC